IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Phillip Barrineau, | ) | |
| | ) | No. 2:06-CR-00733-DCN |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Phillip Barrineau's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government responded, filing a motion to dismiss or, in the alternative, a motion for summary judgment. The court issued a standard Roseboro order, which gave petitioner notice of his right to respond and the consequences of failing to do so. Petitioner replied to the government's response.

The government's motion to dismiss references and relies on evidence outside the pleadings, specifically an affidavit of attorney William L. Runyon, Jr., and petitioner's plea agreement, in support of the motion. The court chooses not to exclude this extrinsic evidence; therefore, the government's motion to dismiss should be treated as one for summary judgment. See Fed. R. Civ. P. 12(d). Petitioner had sufficient notice that the government's motion would be treated as a motion for summary judgment. The Roseboro order gave petitioner notice that the court might treat the motion to dismiss as a

1

motion for summary judgment.[1]  Moreover, the applicable rules and relevant precedent make clear that a motion to dismiss that references extrinsic evidence must be treated as one for summary judgment, unless the court excludes that evidence.  See Pueschel v. United States, 369 F.3d 345, 353 n.3 (4th Cir. 2004).  Therefore, potential for conversion of the motion to a motion for summary judgment was obvious.  There is no need to provide further notice of the conversion other than the notice contained in the Roseboro order, and petitioner has had a reasonable opportunity to present evidence in opposition to the government's motion.  See Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998); Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1311 (4th Cir. 1995), vacated on other grounds, 517 U.S. 1206 (1996).

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(C).  When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

---

[1]The court explained in the Roseboro order, "If affidavits or other material are submitted by a defendant (or respondent) to support that defense, and if the court accepts such matters outside the pleading, the court treats the submission as a request for summary judgment under Rule 56 of the Federal Rules of Civil Procedure."

The nonmovant "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson, 477 U.S. at 255. However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

Because there are conflicting affidavits[2] before the court, summary judgment is not appropriate. Accordingly, the court will appoint petitioner an attorney and conduct an evidentiary hearing in this matter.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**June 1, 2010**
**Charleston, South Carolina**

---

[2]Petitioner has submitted an unsworn declaration; however, this declaration, made under penalty of perjury, is permitted in lieu of an affidavit. See 28 U.S.C. § 1746.